IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD ONEAL HALL, | § | |
| TDCJ-CID NO. 1080139, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-05-2211 |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Ronald Oneal Hall, proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, has filed a petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging his conviction.[1]   Pending before the court are Respondent Dretke's Motion for Summary Judgement with Brief in Support (Docket Entry No. 10), Hall's Motion to Oppose Respondent's Motion for Summary Judgment with Brief in Support ("Hall's Motion to Oppose") (Docket Entry No. 12), and Hall's Statement of Disputed Factual Issues (Docket Entry No. 13).   For the reasons discussed below, the court will grant Respondent's Motion for Summary Judgment and deny Hall's petition for a Writ of Habeas Corpus.

---

[1]In the Petitioner's Statement of Disputed Factual Issues petitioner indicates his name is "Ronald O'neal Hall (Docket Entry No. 13).   In all other pleadings he uses "Ronald Oneal Hall."   The court will refer to petitioner as "Ronald Oneal Hall."

## I.  Procedural History and Claims

Hall was indicted for aggravated robbery with a deadly weapon, enhanced by one prior felony conviction.[2]  <u>Ex parte Hall</u>, Application No. 60,617-01 at p. 45.  Hall was convicted in the 339th District Court of Harris County, Texas, on December 11, 2001.  <u>Id.</u> at 43, 46.  The jury assessed punishment of fifty-five years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID").  <u>Ex parte Hall</u> at p. 44.  The Court of Appeals affirmed the conviction on February 13, 2003.  <u>Hall v. State</u>, No. 14-01-01246-CR (Tex. App. -- Houston [14th Dist.] 2003, pet. ref'd); <u>Ex parte Hall</u> at p. 48. Hall's petition for discretionary review ("PDR") was refused on June 4, 2003.  <u>Hall v. State</u>, CCRA No. 504-03 (Tex. Crim. App. 2003).  Hall challenged his conviction in an application for state writ of habeas corpus filed June 14, 2004, claiming insufficient evidence, prosecutorial misconduct, and failure to disclose evidence favorable to the defendant.  <u>Ex parte Hall</u> at pp. 2, 8-10. On June 15, 2005, the Texas Court of Criminal Appeals denied Hall's application without written order on the findings of the trial court and without a hearing.  <u>Id.</u> at cover.

---

[2]Hall pleaded true to the enhancement paragraph on December 12, 2001.  IV R.R. at 6.  The jury was then instructed to find it true.  IV R.R. at 100.

Hall alleges in his application for a writ of habeas corpus, as he did in his state writ of habeas corpus,

(1) Prosecutorial misconduct by the prosecutor through

    a. improper jury argument;

    b. delaying punishment of a witness (Ida Flood) on a pending criminal case so she would not be cross-examined regarding that case;

    c. withholding exculpatory evidence by not allowing Matthews to testify; and

(2) Legally and factually insufficient evidence to support his conviction; and

(3) Ineffective assistance of counsel during the trial, in that his counsel

    a. failed to call Matthews as a witness; and

    b. failed to cross-examine Ida Flood about a criminal case pending against her.

The state has moved for summary judgment arguing that Hall has failed to meet his burden of proof under the AEDPA and that Hall's claims fail on the merits.

Jurisdiction is proper either in the district where the person is in custody or the district in which the state court convicted and sentenced the petitioner.  28 U.S.C. § 2241(d).  Because Hall was convicted and sentenced in Harris County, Texas, jurisdiction properly lies with this court.

## II.   __Standard of Review__

**A.   Summary Judgment**

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. Fed. R. Civ. P. 56(c). When considering a summary judgment motion the court resolves any doubts and draws any inferences in favor of the nonmoving party. Hunt v. Cromartie, 119 S. Ct. 1545, 1551-52 (1999).

-4-

In reviewing a habeas case, the court should construe liberally the petitions of prisoners seeking relief.  See Haines v. Kerner, 92 S. Ct. 594 (1972) (per curiam).  Procedural rules must give way at times because of the "unique circumstances of incarceration."  McNeil v. United States, 113 S. Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S. Ct. 2379 (1988)).  Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Haines, 92 S. Ct. at 596.

**B.    AEDPA**

Hall filed his 28 U.S.C. § 2254 petition for a federal writ of habeas corpus on June 28, 2005.  (Docket Entry No. 1)  Hall's petition is therefore subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which apply to those habeas corpus cases filed after its effective date of April 24, 1996.  28 U.S.C. § 2254.  Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997).

The provisions of section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings," which demands that state court decisions be given the benefit of the doubt.  Woodford v. Visciotti, 123 S. Ct. 357, 360 (2002) (quoting Lindh, 117 S. Ct. at 2066).  A federal court cannot grant a writ of

habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Mixed questions of law and fact are reviewed under subsection (d)(1) of § 2254.  See Drinkard v. Johnson, 97 F.3d 751, 767-68 (5th Cir. 1996), overruled on other grounds by Lindh, 117 S. Ct. at 2063 (1997).

A state court's legal determination is contrary to the established precedent of [the Supreme] Court only where "the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." Chambers v. Johnson, 218 F.3d 360, 363 (5th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000)).

A writ of habeas corpus will issue based on an unreasonable application of federal law only if the state court "identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case." Williams, 120 S. Ct. at 1523.

In reviewing a federal habeas petition of a person in state custody, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

### III.  Analysis

**A.  Prosecutorial Misconduct**

Hall alleges that the prosecutor engaged in misconduct by (1) improper jury argument, (2) delaying punishment of witness Ida Flood on a pending criminal case to prevent cross-examination regarding that case, and (3) withholding exculpatory evidence in not allowing Matthews to testify.

In habeas corpus proceedings prosecutorial misconduct is reviewed to determine whether it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Ables v. Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (quoting Donnelly v. DeChristoforo, 94 S. Ct. 1868, 1871 (1974)). "It is not enough that the prosecutors' remarks were undesirable or even universally condemned." Barrientes v. Johnson, 221 F.3d 741, 753 (5th Cir. 2000) (quoting Darden v. Wainwright, 106 S. Ct. 2464, 2471 (1986) (quotation marks and internal citations omitted)). The trial is considered fundamentally unfair only if, in the context of

the entire trial, the remarks were "crucial, critical, highly significant factors." Lowery v. Estelle, 696 F.2d 333, 342 (5th Cir. 1983) (citing Washington v. Estelle, 648 F.2d 276, 279 (5th Cir. 1981)).

Hall claims that "the prosecutor's jury argument that the jury would 'ride down the elevator' with the petitioner if they did not convict him was not a proper plea for law enforcement. As such, it falls outside the bounds of permissible jury argument and was harmful." Petition at p. 7.

Under Texas law, a proper jury argument includes (1) summation of the evidence presented at trial, (2) reasonable deductions drawn from that evidence, (3) responses to opposing counsel's argument, and (4) pleas for law enforcement. Coble v. State, 871 S.W.2d 192, 204 (Tex. Crim. App. 1993). The prosecutor's jury argument that the jury would "ride down the elevator" with the petitioner if they did not convict Hall was a proper plea for law enforcement. The Court of Appeals overruled petitioner's same point of error, stating, "Texas courts have held this exact language to be a permissible plea for law enforcement." Ex parte Hall at p. 51; Hall v. State, No. 14-01-01246-CR (Tex. App. [14th Dist.] 2003). See, e.g., Martinez v. State, 715 S.W.2d 725, 727 (Tex. App. -- Houston [14th Dist.] 1986, pet. ref'd) (concluding that prosecutor's argument that a not-guilty verdict would permit

defendant to "go down that elevator with you" and "cruis[e] your neighborhood tonight" was permissible both as a reasonable deduction from the evidence and as a plea for law enforcement). Thus, the prosecutor's argument was not improper and this claim is therefore without merit.

Hall next claims that the prosecutor committed misconduct when "the prosecution allowed Ms. Flood on the stand and delayed her punishment on a crime she committed so she would not be cross examined of such." Petition at unnumbered p. 10. However, Hall has presented no evidence supporting this claim. A court cannot consider a habeas petitioner's assertions on a critical issue in his <u>pro se</u> petition, unsupported by anything else contained in the record, to be of probative evidentiary value. <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011 (5th Cir. 1983). Conclusory allegations unsupported by specifics are subject to summary dismissal. <u>Blackledge v. Allison</u>, 97 S. Ct. 1621, 1629 (1977). This claim, unsupported by evidence, is therefore without merit.

In his final claim of prosecutorial misconduct Hall alleges that the prosecution withheld exculpatory evidence vis à vis Matthews. Petition at unnumbered p. 10.[3] Hall alleges that he only knew of Matthews' exculpatory testimony after trial. (Hall's

---

[3]Petitioner included in his state writ an affidavit from Matthews claiming Hall's innocence. <u>Ex parte Hall</u> at p. 12.

Motion to Oppose, Docket Entry No. 12)   Furthermore, he alleges that an affidavit submitted by Matthews in support of Hall's appeal is credible and that Matthews would have testified that the district attorney coerced him into a "bogus confession."   Id. Finally, Hall alleges that in exchange for the "bogus confession" the district attorney dismissed Matthews' case as Hall's co-defendant and sentenced him to five years on another crime.   Id.

The suppression of evidence favorable to an accused by the prosecution after a request violates due process if the evidence is material either to guilt or punishment, irrespective of good faith or bad faith.   Brady v. Maryland, 83 S. Ct. 1194, 1196-97 (1963). To establish a Brady violation Hall must prove that the prosecutor suppressed or withheld evidence that was favorable and material to the defense.   Ogle v. Estelle, 641 F.2d 1122, 1124 (5th Cir. 1981) (citing Brady, 83 S. Ct. at 1196).

Hall has not demonstrated that the prosecutor withheld beneficial defense evidence.   Hall's defense counsel, Kyle B. Johnson ("Johnson"), was aware of Matthews' existence during the trial.   Counsel explained in an affidavit submitted to the state court during the habeas proceedings that he chose not to call Matthews as a witness due to an audio-taped statement Matthews gave to the Houston Police Department in which he admitted seeing Hall pistol-whip the complainant and go into the complainant's pockets and steal his cellular phone.   Ex parte Hall at p. 30.

-10-

Hall's other arguments are also unavailing.  In Matthews' affidavit he never stated that he was coerced into a confession or that the DA used tactics to get a "bogus confession in exchange for dismissal."  <u>Ex parte Hall</u> at p. 12.

The court finds nothing in the record to indicate that the state court made an incorrect determination in denying Hall relief on his claim of prosecutorial misconduct.  Hall's claim is thus without merit.

## B.  Insufficient Evidence

Hall claims the evidence is not legally sufficient[4] to support the jury's finding against him of aggravated robbery with a deadly weapon.  Petition at p. 7 and unnumbered p. 10.  A federal court may review a claim that the evidence adduced at a state trial was not sufficient to convict a criminal defendant beyond a reasonable doubt.  Herrera, 113 S. Ct. at 861 (citing <u>Jackson v. Virginia</u>, 99 S. Ct. 2781, 2789 (1979)).

---

[4]Although Hall alleges both legal and factual insufficiency, the court will construe Hall's claim as one for legal insufficiency because factual insufficiency will not support a claim for federal habeas relief.  "Factual insufficiency" is a creation of Texas state law under which an appellate court examines the fact-finder's weighing of the evidence.  <u>Clewis v. State</u>, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  Because this is strictly a state law rule, it has no effect in a federal court's habeas evaluation of evidentiary sufficiency unless it is asserted that a Constitutional violation infected the trial or the state law itself violates the Constitution.  <u>Pemberton v. Collins</u>, 991 F.2d 1218, 1223 (5th Cir. 1993) (citing <u>Herrera v. Collins</u>, 113 S. Ct. 853, 859 (1993)).

"[T]his inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Id.  Instead, the relevant question is whether, in viewing the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." Dupuy v. Cain, 201 F.3d 582, 589 (5th Cir. 2000) (quoting Jackson, 99 S. Ct. at 2789.

In making that determination, the court should not substitute its own view of the evidence for that of the fact-finder. Whitmore v. Maggio, 742 F.2d 230, 232 (5th Cir. 1984).  The jury convicted Hall, and "all credibility determinations and reasonable inferences are to be resolved in favor of the jury's verdict." United States v. Ruiz, 987 F.2d 243, 249 (5th Cir. 1993).  It is not the purpose or function of federal habeas corpus to relitigate the sufficiency of evidence at a state trial. Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985).

Hall challenged the sufficiency of the evidence on direct appeal.  In rejecting the claim, the Texas Court of Appeals found the evidence sufficient to support the conviction.  Where a state appellate court reviews the sufficiency of the evidence, that court's opinion is entitled to great deference. Callins v. Collins, 998 F.2d 269, 276 (5th Cir. 1993) (citing Parker v.

-12-

_Procunier_, 763 F.2d 665, 666 (5th Cir. 1985)).   The court must defer to the state court's interpretation of its own law.   _Weeks v. Scott_, 55 F.3d 1059, 1063 (5th Cir. 1995).   This court finds nothing in the record to indicate that the appellate court made an incorrect determination in denying Hall relief on this claim.[5] Accordingly, the court will not disturb the state's determination that there was sufficient evidence to support Hall's conviction.

## C.   Ineffective Assistance of Counsel

Hall claims that his trial attorney was ineffective because he failed to call Matthews as a witness on Hall's behalf and failed to cross-examine Ida Flood regarding her pending criminal case.[6] Petition at p. 8 and unnumbered p. 10.

A defendant asserting ineffective assistance of counsel must prove that (1) counsel's performance was deficient, and

---

[5]The crux of Hall's argument in the Court of Appeals was that the state failed to prove Hall intended to "deprive" complainant Dancy of his cell phone permanently because the evidence showed he threw it over a fence.   _See_ Tex. Penal Code Ann. § 31.01(2)(A). The court stated that "first, Dancy was 'deprived' of his phone whether appellant kept it or threw it away; nothing in the record indicates Dancy ever got it back.   Second, [Hall] never addresse[d] the money he took from Dancy; the only evidence was that appellant intended to deprive Dancy of it permanently."   The Court of Appeals found the evidence sufficient to support appellant's conviction, overruled that point of error, and affirmed the judgment of the state trial court.   _Hall v. State_, No. 14-01-01246-CR at 3.

[6]Hall did not raise this claim on direct appeal, but he did raise it in his state writ of habeas corpus.   Hall also did not claim ineffective assistance of counsel for failing to cross-examine Ida Flood about her pending criminal case in his state writ.

(2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Under the second prong the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992). If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. Strickland, 104 S. Ct. at 2069.

The claimant carries the burden of proof in an ineffective assistance of counsel claim. Alexander, 775 F.2d at 602. The petitioner must also overcome a strong presumption that counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy. Wilkerson, 950 F.2d at 1065 (citing Strickland, 104 S. Ct. at 2066).

Complaints based upon uncalled witnesses are not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain. United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983). Speculation as to what those witnesses would have said in their testimony is too uncertain. Id. In order for the petitioner to demonstrate the requisite Strickland prejudice, the appellant must show not only

that this testimony would have been favorable, but also that the witness would have testified at trial.  Boyd v. Estelle, 661 F.2d 388, 390 (5th Cir. 1981).

Hall claims that Matthews would have testified that the district attorney used tactics to get a bogus confession in exchange for a dismissal, and that "there is no trial strategy in not using such." Petition at p. 8; Hall's Motion to Oppose, Docket Entry. No. 12.

In his affidavit, Hall's trial counsel, Johnson, stated that he did not call Matthews to the stand because Matthews was a co-defendant in the case, and that Matthews' trial counsel would not have granted Johnson access to Matthews.[7]  Id.  The state court found "based on the credible affidavit of Kyle B. Johnson, that counsel Johnson's decision not to present the testimony of co-defendant Jerry Matthews at [Hall's] trial in the primary case was based on reasonable trial strategy."  Ex parte Hall at p. 34.

This court finds nothing in the record to contradict the state court's conclusion.  Since Hall cannot show that Matthews would have testified at trial, he cannot show Strickland prejudice. Strickland, 104 S. Ct. at 2064.  Nor can Hall show that his counsel's performance in failing to call Matthews was deficient. "Defense counsel are not required to close their eyes to the

---

[7]In his affidavit, Johnson states he later confirmed this statement with Matthews' trial counsel.  Ex parte Hall at p. 30.

obvious and search for alibis for defendants who would like the assistance of counsel in the fabrication of a defense, for that would be a violation of the ethical standards of the legal profession." Boyd, 661 F.2d at 390 (quoting United States v. Decoster, 624 F.2d 196, 240 (D.C. Cir. 1979)).  Hall cannot show that his counsel was deficient by not putting Matthews on the stand because if Matthews had testified as his affidavit reflects, he likely would have been impeached on cross-examination with the audio-taped statement given to the Houston Police Department in which he admitted seeing Hall pistol-whip and rob complainant Dancy. Ex parte Hall at p. 30.

Hall also claims his trial counsel was ineffective because he failed to cross-examine Ida Flood regarding her pending criminal case on another matter.  Petition at unnumbered p. 10. Specifically, Hall claims that "Ida Flood was given special treatment while her case was pending in another matter for her testimony against [him].  On cross-examination trial counsel never asked about such." Id.  Although Hall did not raise this claim in his state writ application, trial counsel Johnson addressed this claim in his affidavit to the state habeas court. Ex parte Hall at pp. 7-8, 31.  He explained that he was using Flood's testimony to show lack of intent to steal and that trying to attack Ms. Flood based on her pending case did not fit into the strategy. Id.; Hall's Motion to Oppose (Docket Entry No. 12).  The state court

-16-

found that "counsel Johnson's decision not to attack the credibility of witness Ida Flood at [Hall's] trial in the primary case was based on reasonable trial strategy." Id. at 34.

The state court found that Hall had failed to show "that trial counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different." Id. Additionally, the state court found that "[t]he totality of the representation afforded [Hall] was sufficient to protect his right to reasonably effective assistance of counsel." Id. at 35.

The findings were adopted by the Texas Court of Criminal Appeals. Ex parte Hall at cover. They are entitled to a presumption of correctness unless they are not fairly supported by the record. Self, 973 F.2d at 1204; 28 U.S.C. § 2254(d). The court's examination of the record found nothing in the record to overcome this presumption. Hall's claim of ineffective assistance of counsel is thus without merit.

Hall has failed to demonstrate that there is a genuine issue of material fact. The court will therefore grant the state's motion for summary judgment and deny Hall's petition for a federal writ of habeas corpus.


## IV.  Certificate of Appealability

Hall has not yet requested a Certificate of Appealability (COA) on the claims denied in this Memorandum Opinion and Order, but the issue of a COA may arise.  This court may deny a COA <u>sua sponte</u>.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA Hall must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004).  To make such a showing Hall must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further.  <u>Tennard</u>, 124 S. Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, Hall has not made a substantial showing of the denial of a constitutional right.

## V. <u>Conclusion and Order</u>

For the reasons discussed above, petitioner is not entitled to federal habeas corpus relief.

The court **ORDERS** the following:

1.    Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED.**

2.    Hall's Petition for Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

-18-

3.     A certificate of appealability is **DENIED**.

4.     The Clerk will provide a copy of this Memorandum
       Opinion and  Order to the petitioner, and will
       provide a copy of the petition and this Memorandum
       Opinion and Order to the respondent and the
       attorney general by providing one copy to
       the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this the 14th day of June, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE